Contracts; changed conditions; equitable adjustment; actual costs v. jury verdict; evidentiary support for administrative findings; remand to Board.— Plaintiff entered into a contract witli the Department of Agriculture to construct a campground in Ashley National Forest, Utah. The petition here is for review, under Wunderlich Act standards, of the decision of the Department of Agriculture Board of Contract Appeals only with respect to administrative claim No. 7 which sought additional compensation in connection with the excavation and placement of select material for the road-building portion of the contract. On October 26, 1973 the court issued the following order :
Before Davis, Judge, Presiding, Nichols and KuNzig, Judges.
“This case comes before the court on plaintiff’s motion and defendant’s cross motion for summary judgment, having been submitted to the court on oral argument of the parties upon a request for review, by the defendant, of the report and opinion by Trial Judge Mastín White filed on March 9,1973. Upon consideration thereof the court agrees with the Trial Judge’s opinion in part only. It holds, as the Trial Judge did, that the quantum award of the Department of Agriculture Board of Contract Appeals on claim No. 7, as designated by it, is in error as a matter of law, insofar as it relies on computations confessedly made as “jury verdicts”, in the erroneous belief that the plaintiff’s evidence was not competent for award computation purposes. The Board had before it substantial evidence to sustain a quantum award not based on jury verdicts. This consisted of evidence of plaintiff’s actual costs incurred at the changed condition sites. Plaintiff notified defendant when agreement on the amounts of equitable adjustments failed to materialize that it would keep such records and present its claim on that basis. Plaintiff also showed that its original bid was reasonable based on the Engineer’s estimate and on comparative bids. Such, actual costs might or might not require adjustment, but in any case would be a relevant and proper “starting point” for a compu *1134 tation, and may not be thrust aside through calling them the bad name of “total cost approach”. Bruce Constr. Co. v. United States, 163 Ct. Cl. 97, 324 F. 2d 516 (1963).
“On the other hand, even if the Board might have based its award on plaintiff’s costs, unadjusted, this did not license our Trial Judge to do the same, under Wunderlich Act standards. He was confronted by Board findings, binding on him if supported by substantial evidence, that, as to Pit 1, the only increased costs for consideration were the cost of ripping, as other expenses for piling, loading, and hauling were virtually unchanged by the conditions encountered, as to Pit 2, that underground conditions did not warrant additional compensation, and respecting moisture due to heavy rains, the greater part of the costs for man and equipment time were incurred in 1966 whereas the principal weather difficulties were in 1967. Plaintiff attacks these findings but does not attempt to show by Wunderlich Act standards that they lack, in whole or in part, evidentiary support. They cannot be ignored, and unless modified compel the conclusion that the contractor’s actual costs, if used as a starting point, would require some adjustments and could not be swallowed whole. However, the Board findings should show evidentiary support and reasons for any such adjustment. The choice to make or not make adjustments is for the Board, not this court.
“Accordingly, and pursuant to P.L. 92-415, 86 Sfcat. 652, and General Order No. 3 of 1972, the cause is remanded to the Board of Contract Appeals, United States Department of Agriculture, for further proceedings consistent with this order. The Board may at its discretion reopen the proofs, or may make further findings or amend previous findings on the basis of the record already made. The attorney of record for the plaintiff is designated to advise the court of the status of the remand proceedings pursuant to paragraph 9 of General Order No. 3.”